## Case No. 11,990.

### RODDY v. UNITED STATES.

[2 Pittsb. Rep. 374; 10 Pittsb. Leg. J. 161; 3 Wall. Jr. 358.]

Circuit Court, W. D. Pennsylvania. 1862.

PRINCIPAL AND SURETY — OFFICIAL BOND — DISCHARGE OF SURETY—LIMITATION OF ACTION.

1. Where a postmaster has made a default in not paying the quarterly balances found to be due to the United States by the auditor for the P. O. department, and the postmaster general has failed to institute suit against such postmaster and his sureties for two years from and after such default, the sureties are discharged.

2. Proviso to third section of act of congress of March 3, 1825 [4 Stat. 103], construed.

[Error to the district court of the United States for the Western district of Pennsylvania.]

On the 5th day of June, 1861, suit was brought against John D. Roddy and D. Weyand, sureties upon the official bond of H. C. Marks, late postmaster at Somerset, Pennsylvania. Bond in six hundred dollars, dated the 17th day of June, 1853, conditioned that the said Harvey C. Marks shall well and truly execute the duties of postmaster according to law. The declaration sets forth, generally, that said Harvey C. Marks did not faithfully, once in three months, as he was required, render accounts of receipts and expenditures in the manner and form prescribed by the postmaster general, and hath not paid the balance of all monies that came to his hands for postage.

The defendants plead that Harvey C. Marks having been a defaulter for more than two years previous to the time of suit brought against them, his sureties, that under the proviso contained in the 3d section of the act of March 3, 1825, they were no longer liable. It reads as follows: "Provided, that if default be made by the postmaster aforesaid at any time, and the postmaster general shall fail to institute suit against such postmaster and said sureties, for two years, from and after such default shall be made, then and in that case the said sureties shall not be held liable to the United States, nor shall suit be instituted against them."

The account of the post office department filed in the case, and the only evidence produced at the trial, shows that the first default was made for quarter ending 31st of March, 1856, and that default was made every succeeding quarter from that time down to 30th of June, 1860, the postmaster in all that interval not having furnished a single quarterly account. The account of the department shows his indebtedness because of these defaults to be on the 30th of June, 1857, $2,158.46. The 30th of June, 1859, was claimed the latest day to which the liability of the sureties extended.

The court below refused to sustain the

plea of defendants, and instructed the jury: "That the limitation contained in the proviso to the 3d section of the act of March 3, 1825, is a bar only to the recovery of the several balances accruing more than two years before the institution of the suit. For the sums which accrue within two years, the plaintiff is entitled to recover, not exceeding the penalty of the bond." To this instruction the defendant below excepted, and a bill of exceptions was sealed. A verdict and judgment were rendered in favor of the plaintiff below for six hundred dollars, the amount of the penalty of the bond [case unreported].

Howard & Roddy, for plaintiffs in error, contended, that the case was within the spirit and meaning, and also within the letter of the proviso to the 3d section of the act of March 3, 1825.

Mr. Carnahan, U. S. Dist. Atty., for defendant in error, argued, that the true construction of the proviso was to limit the recovery to balances accruing within two years.

GRIER, Circuit Justice. I think this case comes not only within the letter, but within the spirit, of the proviso to the third section of the act of March 3, 1825. If default be made "at any time," and suit be not brought in two years, the sureties shall not be liable to the United States, nor shall suit be instituted against them. In this case, the postmaster first made default on the 30th of June, 1857. He was permitted to remain in office three years without rendering an account or paying the balance of $2,158.46 then due. Here was a case of gross negligence on the part of the officers of the general post office, against which it is the obvious policy of the statute to protect the sureties. The case of Jones v. U. S., 7 How. [48 U. S.] 681, turned chiefly on the appropriation of payments. A running account had been kept, and the balance due, on the last quarter, was within the two years, so that the question now before us did not arise and was not decided. In the case of Postmaster General v. Fennell [Case No. 11,307], Mr. Justice McLean has given the construction to this section of the act which it seems it fairly demands. He observes that the statute was adopted for the benefit of the sureties, and to excite the utmost degree of vigilance in the department. The reason urged why statutes of limitation should not run against the government is founded upon a theory that it cannot be guilty of laches, and would be apt to suffer if the neglect of its servants to prosecute its claims, should be permitted to release a surety. But this is an enactment for the purpose of protecting innocent sureties against the results of official laches. When a deputy postmaster becomes a large defaulter, and is afterwards permitted, for three years, to continue in office, without rendering an account, or paying the balance previously due, it would be unjust to the sureties to make them victims of such conduct in the officers of government. It is the very evil from which the statute was intended to protect the surety. A failure to institute suit in due season discharges the sureties from all liability on their bond, and prohibits a suit thereon after that time. The judgment is reversed, and a venire de novo ordered, if requested by the plaintiffs below.